UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRY LEWIS**                                                          **CIVIL ACTION**

**VERSUS**                                                                   **NO. 17-224-JWD-EWD**

**NEREUS SHIPPING, ET AL.**

### NOTICE AND ORDER

On April 7, 2017, plaintiff Darry Lewis filed a Complaint in this Court against Nereus Shipping and M/V Laconic for personal injuries allegedly sustained while working on a barge.[1] In the Complaint, Plaintiff alleges that, "This Court is vested with jurisdiction as the case is cognizable under the admiralty and maritime laws of the United States and because the amount in dispute is greater than $75,000.00 and there is complete diversity among the parties."[2] Plaintiff further alleges the following:

> Darry Lewis was employed by John W Stone Oil Distributor, LLC. [sic] and assigned to work on a barge at Ama Anchorage in St. Charles Parish. On or about June 21, 2016, as Darry Lewis was fueling the M/V Laconic, an employee on the vessel threw his hard hat down from the vessel striking Darry Lewis in the head, causing him injury.[3]

The Complaint contains no additional allegations regarding the Court's maritime jurisdiction and contains no allegations regarding the citizenship of the parties or the amount in controversy.

It is not apparent from the face of the Complaint that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a), diversity jurisdiction, or under 28 U.S.C. § 1333(1), admiralty jurisdiction. The Fifth Circuit has held that, "Admiralty jurisdiction of a tort

---

[1] R. Doc. 1 at ¶ 4.
[2] R. Doc. 1 at ¶ 2.
[3] R. Doc. 1 at ¶ 4.

claim depends on whether the plaintiff can establish a maritime tort. That inquiry is essentially fact-bound, turning on a determination of the location of the tort, the situs factor, and the pertinent activity, the nexus factor." *Richendollar v. Diamond M Drilling Co.*, 819 F.2d 124, 127 (5th Cir. 1987). Thus, the alleged tort must occur on navigable waters and the "wrong [must] bear a significant relationship to traditional maritime activity." *Id*. (quoting *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972)). Plaintiff has not addressed either of the factors required for this Court to exercise admiralty jurisdiction under 28 U.S.C. § 1333(1). Although Defendants have not yet made an appearance in this case, the Court *sua sponte* raises the issue of whether it may exercise admiralty jurisdiction in this matter pursuant to 28 U.S.C. § 1333(1).

Because the face of the Complaint does not establish admiralty jurisdiction, the Court also requests evaluation by the Plaintiff of whether diversity jurisdiction exists in this case.[4]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1333(1), admiralty jurisdiction, specifically addressing whether and how the claims raised in the Complaint satisfy the two-part test set forth in *Richendollar v. Diamond M Drilling Co.*, 819 F.2d 124 (5th Cir. 1987). The supplemental memorandum shall also specify whether, in addition to or in lieu of admiralty jurisdiction, there is diversity jurisdiction. Alternatively, Plaintiff shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a), diversity jurisdiction, which shall properly allege the citizenship of all parties and allege facts to show that

---

[4] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).

the amount in controversy exceeds $75,000 in this case. The supplemental memorandum shall be limited to ten (10) pages and shall be filed within ten (10) days of the date of this Notice and Order.

Signed in Baton Rouge, Louisiana, on May 17, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**