UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DARRY LEWIS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-17392 |
| NEREUS SHIPPING ET AL. | SECTION "R" (5) |

## **ORDER AND REASONS**

Before the Court is intervenor John W. Stone Oil Distributor, LLC's motion for summary judgment seeking indemnity from defendants for its maintenance and cure payments to plaintiff Darry Lewis. Because defendants have raised an issue of material fact as to Stone Oil's contributory negligence, the court denies the motion.

## I. BACKGROUND

This case arises out of a workplace accident that occurred on June 21, 2016.[1] Intervenor Stone Oil is a business that provides bunker fuel to commercial vessels on the Mississippi River.[2] On the day of the accident, Lewis, an employee of Stone Oil, was transferring diesel fuel from Stone Oil's barge to the M/V LACONIC, a vessel owned by defendant Blue Rock

---

[1]   R. Doc. 41-5 at 1 ¶¶ 1-2; R. Doc. 48-1 at 1 ¶¶ 1-2.
[2]   R. Doc. 41-1 at 1.

Shipping Company and operated by defendant Nereus Shipping.[3] As Lewis was fueling, he had to communicate with crew members of the M/V LACONIC to determine when to shut off the flow of diesel fuel from the barge.[4] At some point during the task, Lewis looked down.[5] A crew member of the M/V LACONIC threw his hard hat from the deck of the vessel to the deck of the barge in an attempt to get Lewis's attention.[6] The hard hat struck Lewis on the head, and he was knocked unconscious.[7] Lewis was not wearing a hardhat, and Stone Oil had no policy requiring him to wear one.[8] After the incident, Stone Oil made maintenance, cure, and unearned wage payments to Mr. Lewis for injuries that it determined were the result of the accident.[9]

On April 7, 2017, Lewis filed a complaint in the Middle District of Louisiana against Nereus.[10] He claims that Nereus's negligence caused his injuries, and that it is therefore liable to him for damages.[11] Lewis later amended his complaint to add Blue Rock as a second defendant.[12] Stone Oil

---

[3] R. Doc. 41-5 at 1 ¶ 1; R. Doc. 48-1 at 1 ¶ 1.
[4] R. Doc. 41-1 at 2; R. Doc. 49 at 1-2.
[5] R. Doc 41-3 at 15.
[6] R. Doc. 41-5 at 1 ¶¶ 2-3; R. Doc. 48-1 at 1 ¶¶ 2-3; R. Doc. 49 at 1-2; R. Doc. 48 at 2.
[7] R. Doc. 41-5 at 1 ¶ 3; R. Doc. 48-1 at 2 ¶ 2.
[8] R. Doc. 48-1 at 2-3 ¶¶ 6-7, 9; R. Doc. 49-1 at 1 ¶¶ 6-7.
[9] R. Doc. 41-5 at 1 ¶ 4; R. Doc. 48-1 at 1 ¶ 4.
[10] R. Doc. 1.
[11] *Id.* at 2-3 ¶¶ 6-8.
[12] R. Doc. 14-1.

filed a motion to intervene on November 17, 2017, which was granted on December 20, 2017.[13] In the interim, on December 12, 2017, this case was transferred to this district.[14] Stone Oil's intervenor complaint alleges that Nereus must indemnify it for the maintenance and cure and unearned wage payments that it made to Lewis, because Nereus is at fault for the accident and the resulting costs to Stone Oil.[15] On October 1, 2018, Stone Oil filed this motion for summary judgment on its indemnity claim against Nereus.[16] Lewis, Blue Rock, and Nereus oppose the motion.[17]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta &*

---

[13] R. Doc. 24; R. Doc. 30.
[14] R. Doc. 29.
[15] R. Doc. 31 at 4-5 ¶¶ 15-18.
[16] R. Doc. 41.
[17] R. Doc. 48; R. Doc. 49.

3

*Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

4

merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322).

### III. DISCUSSION

Stone Oil argues that it had no fault in causing Mr. Lewis's injury, and that Nereus, through its crew member, is at fault for Lewis's injuries.[18] It therefore argues that Nereus must indemnify it for the full amount of the maintenance and cure payments and the unearned wage payments that it made to Lewis.[19] In response, defendants and Lewis contend that Stone Oil

---

18  R. Doc. 41-1 at 5.
19  *Id.* at 6.

5

is contributorily negligent for failing to require Lewis to wear a hardhat that could have reduced or prevented his injuries, and that this alleged contributory negligence raises an issue of material fact.[20]

Contributory negligence is an affirmative defense that a defendant must plead in his answer to avoid waiver. Fed. R. Civ. P. 8(c)(1) (requiring defendants to "affirmatively state any avoidance or affirmative defense" including contributory negligence); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (3d ed. 2018) ("It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case."). Stone Oil filed an intervenor complaint against Nereus on December 20, 2017.[21] Nereus has failed to respond to the allegations in the complaint, including to plead contributory negligence.

But the Fifth Circuit often allows litigants to raise affirmative defenses that were improperly pled when the opposing party has adequate notice of the defense and an opportunity to respond to it. *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983) ("Where the matter is raised

---

[20] R. Doc. 48 at 3; R. Doc. 49 at 2-3.
[21] R. Doc. 31.

in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal.") (citing *Jones v. Miles*, 656 F.2d 103, 107 n.7 (5th Cir. 1981)); *Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co., Inc.*, 418 F. App'x 327, 330 (5th Cir. 2011) ("[I]t is left up to the discretion of the trial court to determine whether the party against whom the unpleaded affirmative defense has been raised has suffered prejudice or unfair surprise."); *Solomon v. Spalitta*, 484 F. App'x 883, 885 (5th Cir. 2012) ("[D]efenses raised for the first time in motions for summary judgment may, under the proper circumstances, be considered."). Here, Stone Oil did not suffer prejudice or unfair surprise because, while defendants did not plead contributory negligence in an answer to Stone Oil specifically, they did raise the issue of Stone Oil's contributory negligence in their answer to plaintiff's second amended complaint. Their answer provides:

> [D]efendants aver that [plaintiff's] injuries were contributed to by the fault, misconduct, carelessness, negligence or the inattention to duty of plaintiff or others for whom defendants are not responsible (including plaintiff's employer and/or fellow

7

servants), which defendants specifically plead in mitigation of any recovery.[22]

In addition, Stone Oil's failure to object to defendants' raising the defense weighs in favor of the Court allowing defendants' argument. *See Bradberry v. Jefferson County, Tex.*, 732 F.3d 540, 553 (5th Cir. 2013) (holding that technical failure to plead affirmative defenses did not prevent consideration because plaintiff had the opportunity to respond and did not object to defendant raising them); *Talbert v. Am. Risk Ins. Co., Inc.*, 405 F. App'x 848, 851-52 (5th Cir. 2010) (holding that failure to object to order allowing defendant to amend its answer to plead affirmative defense weighed against waiver). Therefore, the Court will consider Stone Oil's contributory negligence. It also grants leave for defendants to amend their pleadings to respond to Stone Oil's intervenor complaint. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires.").

Having decided that defendants have not waived their right to assert the affirmative defense of contributory negligence, the Court turns to the

---

[22] R. Doc. 18 at 3.

merits of their argument. A seaman's employer who has paid maintenance and cure to its employee but was not negligent in causing his injury can seek indemnity from "a third-party whose negligence partially or wholly caused the seaman's injury." *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir. 1994); *Savoie v. LaFourche Boat Rentals*, 627 F.2d 722, 723 (5th Cir. 1980); *Jones v. Waterman S.S. Corp.*, 155 F.2d 992, 997-1001 (3rd Cir. 1946). This is based on the "commonsense principle that a party whose neglect has caused or contributed to the need for maintenance and cure payments should reimburse the cost of those payments, which would otherwise be borne by a non-negligent or passively negligent employer." *Savoie*, 627 F.2d at 723-24. The amount that an employer can recover in indemnity varies depending on whether the employer is contributorily negligent, and whether its injured employee is contributorily negligent. *Id.* at 724.

If an employer is entirely faultless, the negligent third-party must indemnify it fully, with any negligence of the employee imputed to the third-party. *Bertram*, 35 F.3d at 1021 ("[W]hen the employer is fault-free, it may recover all of the maintenance and cure from the negligent third-party(ies), even though the third-party shares fault with a negligent seaman."). But if some percentage of fault is attributed to the employer, "the seaman's

9

negligence is imputed to the employer." *Id.* The employer then can seek indemnity only for the percentage of fault attributed to the third-party. *Id.* Thus, if Stone Oil shares no fault in Lewis's injury, it is entitled to full indemnity regardless of Lewis's potential contributory negligence. But if Stone Oil is partially at fault, then it can recover against defendants only in proportion to their percentage of fault. Defendants bear the burden of proving that Stone Oil was contributorily negligent. *Neal v. Saga Shipping Co.*, 407 F.2d 481, 485 n.1 (5th Cir. 1969).

It is undisputed that on the day of the accident, Lewis was not wearing a hardhat, and Stone Oil did not require him to wear one.[23] Stone Oil has a duty of reasonable care to provide a safe work environment for its employees. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338-39 (5th Cir. 1997) (clarifying that the standard of care for employers is reasonable care under the circumstances and stating that a seaman can rely "on his employer to provide a safe work environment"). A reasonable jury could find that failure to promulgate safety regulations and to require the use of safety equipment is a breach of the employer's duty and contributory negligence. *See Hebert v. Otto Candies, Inc.*, 402 F. Supp. 503, 506-07 (E.D. La. 1975) (holding that maritime employer's failure to provide safety regulations and require the use

---

[23]  R. Doc. 48-1 at 2-3 ¶¶ 6-7, 9; R. Doc. 49-1 at 1 ¶¶ 6-7.

of safety equipment was negligent). Apportioning fault, if any, arising from this omission is a question of fact that the Court cannot decide on summary judgment. *Tullos v. Res. Drilling, Inc.*, 750 F.2d 380, 385 (5th Cir. 1985) ("Questions of negligence in admiralty cases are fact questions.") (citing *Cheek v. Williams-McWilliams Co.*, 697 F.2d 649, 652 (5th Cir. 1983)). Thus, whether Stone Oil was contributorily negligent raises a material issue of fact that precludes summary judgment for Stone Oil.

## IV. CONCLUSION

For the foregoing reasons, Stone Oil's motion for summary judgment is DENIED.

New Orleans, Louisiana, this __9th__ day of November, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE