UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRY LEWIS                                              CIVIL ACTION

VERSUS                                                   NO. 17-17392

NEREUS SHIPPING ET AL.                                   SECTION "R" (5)

## ORDER AND REASONS

Before the Court is plaintiff's motion *in limine* to exclude portions of defendants' liability experts' opinions and testimony.[1] Because the plaintiff has not shown good cause for the motion's untimeliness under Federal Rule of Civil Procedure 16(b), the Court denies the motion.

I.  **BACKGROUND**

This case arises out of a workplace accident.[2] Plaintiff Darry Lewis was transferring diesel fuel to the M/V LACONIC, a vessel owned and operated by defendants, when he was hit on the head by a hard hat thrown by a crew member of the M/V LACONIC.[3] Plaintiff sued to recover for injuries sustained as a result of the incident.[4]

---

[1]  R. Doc. 58.
[2]  R. Doc. 14-1 at 2 ¶ 4.
[3]  *Id.*
[4]  *Id.* at 4 ¶ 8.

Defendants have hired engineering and biomechanical experts to give opinions on the force with which the hard hat could have hit Lewis given the distance it fell, and the tissue damage that such a force would typically cause.[5] Plaintiff now seeks to exclude portions of the liability experts' reports and prevent testimony by these experts on whether the force of the hard hat could have caused plaintiff's claimed injuries.[6]

The Scheduling Order in this case provides, "[m]otions *in limine* regarding the admissibility of expert testimony shall be filed and served in sufficient time to permit hearing thereon no later than October 24, 2018."[7] Plaintiff filed his motion on November 9, 2018, over four weeks late,[8] and only three weeks before trial.[9] Plaintiff admits that his motion is untimely, but he argues that good cause exists for the Court to modify its deadline for filing motions *in limine*.[10]

---

[5]  R. Doc. 58-2 at 1.
[6]  R. Doc. 58 at 1.
[7]  R. Doc. 35 at 1.
[8]  *See* R. Doc. 58.
[9]  R. Doc. 35 at 4.
[10] R. Doc. 58-1 at 3.

## II. DISCUSSION

Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). District courts have "broad discretion to preserve the integrity and purpose" of scheduling orders. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). Courts specifically consider "(1) the explanation for the failure [to timely submit the motion]; (2) the importance of the [motion]; (3) potential prejudice in allowing the [motion]; and (4) the availability of a continuance to cure such prejudice."[11] *Id.* at 791.

---

[11] Plaintiff suggests that the Court apply factors that the Supreme Court considered in *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). There, the Court evaluated whether a late motion is the product of "excusable neglect" under Federal Rule of Civil Procedure 6. But that is not the correct inquiry here. Evidence and motions submitted after a scheduling order deadline are evaluated under Rule 16(b), not Rule 6. *See Martikean v. U.S.*, No. 11-1774, 2014 WL 4631620, at *3 (N.D. Tex. Sept. 16, 2014) ("Rule 16(b)(4), and not Rule 6(b), governs a party's request to modify a scheduling order."); *Top Line Restaurants, Inc. v. Aksan United Fortune, Inc.*, No. 15-2605, 2016 WL 728718, at *1 n.1 (N.D.

Lewis has failed to show good cause for his untimely motion. His explanation for his failure to submit the motion earlier is that:

> As with most cases, this matter has become more active as trial approached. Such activity included fully considering all opinions of experts as well as their qualifications.[12]

Waiting until trial looms to engage in activities scheduled earlier is not an excuse for an untimely motion. This factor weighs against good cause.

The second factor—importance of the motion—also weighs against a finding of good cause. Plaintiff's motion itself cites authority that would support the admission of these experts' testimony on the hard hat's probable effect on the human body based on its force.[13] Further, plaintiff can use cross-examination to point out the experts' lack of medical training to support his argument that they are unqualified to reach conclusions about what caused plaintiffs' injury. Given that significant portions of the report are likely admissible under plaintiff's own authority, and that the remaining issues can be dealt with on cross-examination, the Court need not extend its deadline due to the motion's importance.

---

Tex. Feb. 24, 2016) ("Plaintiffs' reliance on Rule 6 in their objections [to a late motion] is misplaced.").
[12] R. Doc. 58-1 at 4.
[13] *Id.* at 8 (quoting an opinion explaining that a bio-mechanical engineer may testify to "the forces generated by accidents and the probable effects of such forces on the human body").

Finally, consideration of plaintiffs' motion would prejudice defendants, and a continuance is not available to cure the prejudice. This case is only slightly more than two weeks away from trial, with the Thanksgiving holiday falling in the middle of those two weeks. Defendants will be prejudiced if they must take time away from their planned preparations to respond to this motion on the eve of trial. A continuance is impractical because it would involve moving the trial date, which would be disruptive and would needlessly increase the cost of litigation. *See Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 424 (5th Cir. 2013) (holding that a continuance could not cure prejudice when it would lead to increased expense). Because all four factors weigh against a finding of good cause under Rule 16(b), the Court will not entertain the untimely motion.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion *in limine* to exclude defendants' expert testimony is DENIED.

New Orleans, Louisiana, this __19th__ day of November, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE